UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SAMUEL ROSS                                                               CIVIL ACTION

VERSUS                                                                         NO. 12-0973

JAMES LEBLANC                                                          SECTION: "G" (1)

### ORDER AND REASONS

Before the Court are Petitioner Samuel Ross's ("Ross") Motion for Re-Hearing[1] and Motion for Extension of Time,[2] wherein he seeks (1) relief from this Court's order and judgment entered on August 15, 2013, dismissing his petition for federal habeas corpus relief with prejudice, and (2) an extension of time to file his objections to the magistrate judge's Report and Recommendations.

The Court's Order and Judgment of August 15, 2013, was entered after Ross failed to file timely objections to the magistrate judge's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).[3] After the Court adopted the Report and Recommendation, Ross filed the pending motions, asserting that he did not receive a copy of the Report and Recommendation until August 21, 2013; fifteen days after he was to file any objections.[4] Ross claims that notice of the Report and Recommendation was left on the desk of an official at his prison "while she was said to be on vacation and [was] not delivered to the petitioner until after the petition was dismissed as

---

[1] Rec. Doc. 30.

[2] Rec. Doc. 32.

[3] *See* Rec. Doc. 27.

[4] *See* Rec. Doc. 32.

1

recommended."[5]

Federal Rule of Civil Procedure 60(b)(1) allows a district court to relieve a party from the court's final judgment, order, or proceeding for "excusable neglect." The determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[6] "These circumstances include the risk of prejudice to the non-movant; the length of delay; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith."[7]

In considering whether excusable neglect is present here, the Court finds that, first, Defendant James LeBlanc will not be prejudiced as the relief requested here would only allow Ross to file objections to the Report and Recommendation. Second, Ross acted quickly to rectify the alleged error upon its discovery. Third, the delay in this case was not in the reasonable control of Ross, considering he is incarcerated and not at liberty to retrieve his mail from the desk of a prison officer. Finally, given the extent to which Ross has pursued his claims to date, he likely would have timely filed objections to the Report and Recommendation had he been aware of its issuance, and therefore there is no indication that Ross is not acting in good faith. Therefore, the Court finds that Ross has demonstrated that he is entitled to relief sought herein from the Court's order, judgment, and denial of certificate of appealability in order that he may file objections to the Report and Recommendation. Accordingly,

---

[5] Rec. Doc. 32 at p. 1.

[6] *Bynum v. Ussin*, 410 F. App'x 808, 810 (5th Cir. 2011) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[7] *Id.*

**IT IS HEREBY ORDERED** that Ross's Motion for Rehearing is **GRANTED** and the order, judgment, and denial of certificate of appealability entered on August 15, 2013,[8] are **VACATED**;

**IT IS FURTHER ORDERED** that Ross's Motion for Extension of Time to file objections to the Magistrate Judge's Report and Recommendation is **GRANTED**;

**IT IS FURTHER ORDERED** that Ross file any objections to the Report and Recommendation by September 18, 2013.

**NEW ORLEANS, LOUISIANA**, this __10th__ day of September, 2013.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **UNITED STATES DISTRICT JUDGE**

---

[8] Rec. Doc. Nos. 27, 28, 29.