# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SAMUEL ROSS                                        CIVIL ACTION

VERSUS                                                NO. 12-973

JAMES LEBLANC                                  SECTION "G" (1)

## ORDER AND REASONS

Before the Court are Petitioner Samuel Ross's ("Petitioner") objections[1] to the July 23, 2013,

Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner,

a state prisoner incarcerated at the Pine Prairie Correction Center, Pine Prairie, Louisiana, filed a

petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254.[3] The Magistrate Judge recommends

that the matter be dismissed with prejudice.[4] Petitioner objects to the findings of the Magistrate

Judge.[5] On February 7, 2014, Petitioner filed a "Motion to Joinder Additional Respondent,"seeking

to join Michael Edmonson, Superintendent of the Louisiana State Police,[6] and on March 17, 2014,

Petitioner filed a "Motion to Joinder Party," seeking to join Tony Mancuso, Sheriff of Calcasieu

Parish.[7] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the

objections, the record, and the applicable law, the Court will adopt the Magistrate Judge's

recommendation, overrule Petitioner's objections, deny his motions to join additional parties and

dismiss this action with prejudice.

---

[1] Rec. Doc. 34.

[2] Rec. Doc. 26.

[3] Rec. Doc. 1.

[4] Rec. Doc. 26 at 32.

[5] Rec. Doc. 18.

[6] Rec. Doc. 37.

[7] Rec. Doc. 39.

<h1 style="text-align:center">I. Background</h1>

## A. Factual Background

On March 24, 2009, Petitioner was convicted of two counts of indecent behavior with a juvenile. [8] On April 2, 2009, he was sentenced on each count to a concurrent term of ten years imprisonment without benefit of parole, probation, or suspension of sentence. [9] On November 23, 2009, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's convictions, vacated the sentences and remanded the matter for resentencing. [10] On January 14, 2010, the state district court resentenced Petitioner on each count to a concurrent term of five years imprisonment. [11]

Petitioner filed an application for post-conviction relief with the state district court on or about August 16, 2010, which was denied on November 30, 2010. [12] He filed a supplemental application, which was denied on August 17, 2010. [13] Petitioner's related writ applications were then denied by the Louisiana Fifth Circuit Court of Appeal on March 22, 2011, [14] and by the Louisiana Supreme Court on February 3, 2012, [15] and March 9, 2012. [16]

---

[8] State Rec., Vol. II of V, transcript of March 24, 2009 at 255; State Rec., Vol. I of V, minute entry dated March 24, 2009.

[9] State Rec., Vol. II of V, transcript of April 2, 2009 at 7; State Rec., Vol. I of V, minute entry dated April 2, 2009.

[10] *State v. Ross*, 09-431 (La. App. 5 Cir. 11/24/09); 28 So. 3d 475; State Rec., Vol. III of V.

[11] State Rec., Vol. IV of V, minute entry dated January 14, 2010.

[12] State Rec., Vol. IV of V, Order dated November 30, 2010.

[13] State Rec., Vol. II of III, Order dated August 17, 2010.

[14] *Ross v. 24th Judicial District Court*, 11-22 (La. App. 5 Cir. 3/22/11); State Rec., Vol. IV of V.

[15] *State ex rel. Ross v. State*, 11-764 (La. 2/3/12); 79 So. 3d 326; State Rec., Vol. V of V.

[16] *State ex rel. Ross v. State*, 11-826 (La. 3/9/12); 83 So. 3d 1054; State Rec., Vol. V of V.

On April 11, 2012, Petitioner filed a timely application for federal *habeas corpus* relief.[17] Petitioner argued: (1) the State withheld a Child Advocacy Center ("CAC") interview tape of the victims in violation of *Brady v. Maryland*;[18] (2) the prosecution knowingly presented false testimony at trial;[19] and (3) his trial counsel was ineffective.[20] Petitioner alleged that his trial counsel was ineffective for failing to: (1) view the CAC interview tapes before trial which indicate that Detective Horne made false statements to procure a search warrant;[21] (2) file a Motion to Suppress the evidence obtained as a result of the search warrant;[22] and (3) review the statements of Henry Owens ("Owens") and subpoena him to testify.[23] On October 9, 2012, the State filed a response arguing, *inter alia*, that Petitioner failed to exhaust his remedies in state court.[24]

## B. Report and Recommendation

On July 23, 2013, the Magistrate Judge recommended that the petition be dismissed with prejudice.[25] First, the Magistrate Judge addressed the State's argument that Petitioner had not exhausted all claims in state court.[26] The Magistrate Judge decided to address the claims without

---

[17] Rec. Doc. 1.

[18] *Id*. at 5.

[19] *Id*. at 7.

[20] *Id*. at 9.

[21] Rec Doc. 1-2 at 22–23.

[22] *Id*.

[23] *Id*. at 23.

[24] Rec. Doc. 14 at 21–24.

[25] Rec. Doc. 26 at 32.

[26] *Id*. at 3.

requiring full exhaustion, noting that all of Petitioner's claims were without merit.[27]

The Magistrate Judge noted that in the state post-conviction proceedings, the state courts rejected Petitioner's first two claims, that the State withheld a Child Advocacy Center interview tape of the victims in violation of *Brady v. Maryland* and that the prosecution knowingly presented false testimony at trial, on the procedural ground that the claims were not raised on appeal.[28] Petitioner argued that he was incarcerated at the Richland Parish Detention Center and the conditions were not conducive to preparing an appellate brief.[29] The Magistrate Judge noted that Petitioner was represented by appellate counsel, and made no argument that ineffective appellate counsel was the cause for the procedural default.[30] The Magistrate Judge found that Petitioner had not shown that the procedural bar would result in a fundamental miscarriage of justice.[31] Therefore, the Magistrate Judge concluded that Petitioner's first two claims was procedurally barred from reviewed in federal court.[32]

The Magistrate Judge utilized the *Strickland* standard in addressing Petitioner's ineffective assistance of counsel claims.[33] The Magistrate Judge found Petitioner's argument that his counsel was ineffective for failing to discover that Detective Horne made false statements to procure a search

---

[27] *Id.* (citing 28 U.S.C. § 2254(b)(2)) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

[28] *Id.* at 18.

[29] *Id.* at 20.

[30] *Id.*

[31] *Id.* at 20–21.

[32] *Id.* at 21.

[33] *Id.* at 21–24.

warrant unavailing.[34] The Magistrate Judge noted that the fact that a search warrant affidavit contains inaccurate information does not render the warrant invalid or require the suppression of the evidence obtained in the search.[35] The Magistrate Judge found that the errors in the search warrant affidavit were generally minor and ultimately immaterial, and the accurate statements were sufficient for the judicial officer to make an informed and independent judgment as to whether probable cause existed.[36] Accordingly, the Magistrate Judge concluded that there was no reasonable probability that the evidence would have been suppressed and a different verdict would have resulted even if counsel had challenged the search warrant.[37]

The Magistrate Judge noted that Petitioner's argument that his counsel was ineffective for failing to advise him of his right to view the CAC interview tapes was unexhausted.[38] Further, the Magistrate Judge found the claim was without merit because there was no evidence that the result of trial would have been different if Petitioner was advised of his right to view the CAC interview tapes or actually viewed them.[39]

The Magistrate Judge addressed Petitioner's argument that counsel was ineffective for failing to review statements of Owens or subpoena Owens to testify at trial.[40] The Magistrate Judge noted that there was no evidence to support Petitioner's assertion that his counsel did not review the

---

[34] *Id.* at 24.

[35] *Id.* at 27 (citing *Moreno v. Dretke*, 450 F.3d 158, 169 (5th Cir. 2006).

[36] *Id.* at 27–28.

[37] *Id.* at 28.

[38] *Id.* at 28 n. 20.

[39] *Id.*

[40] *Id.* at 28–29.

statements, and even if counsel failed to review the statements no prejudice resulted because the statements did not exculpate Petitioner.[41] The Magistrate Judge noted that to the extent Petitioner was arguing that counsel's failure to review the statements resulted in him being ill-prepared to impeach Detective Horne's testimony, that claim was unexhausted.[42] Further, the Magistrate Judge found the claim was without merit because counsel cross-examined Detective Horne extensively concerning Owens's involvement in the case and his statements to the police, and there was nothing in the statements that could have impeached Detective Horne.[43]

Finally, the Magistrate Judge found that Petitioner had not shown he was prejudiced by the failure to subpoena Owens.[44] The Magistrate Judge noted that Petitioner had not established that Owens was available and willing to testify or that Owens would have testified in a manner beneficial to the defense.[45]

## C. Procedural History

On August 15, 2013, the Court entered an Order and Judgment adopting the Magistrate Judge's Report and Recommendation after Petitioner failed to file timely objections pursuant to 28 U.S.C. § 636(b)(1).[46] On August 26, 2013, Petitioner filed a "Motion for Re-Hearing,"[47] and on September 5, 2013, he filed a "Motion for Extension of Time,"[48] wherein he sought (1) relief from

---

[41] *Id.* at 29.

[42] *Id.* at 29 n. 25.

[43] *Id.*

[44] *Id.* at 31.

[45] *Id.*

[46] *See* Rec. Doc. 27.

[47] Rec. Doc. 30.

[48] Rec. Doc. 32.

this Court's order and judgment entered on August 15, 2013, dismissing his petition for federal habeas corpus relief with prejudice, and (2) an extension of time to file his objections to the Magistrate Judge's Report and Recommendations. Petitioner asserted that he did not receive a copy of the Report and Recommendation until August 21, 2013; fifteen days after he was to file any objections.[49] The Court vacated the order, judgment, and denial of certificate of appealability entered on August 15, 2013, and ordered Petitioner to file any objections to the Report and Recommendation by September 18, 2013.[50] On September 13, 2013, Petitioner filed objections to the Report and Recommendation.[51]

On February 7, 2014, Petitioner filed a "Motion to Joinder Additional Respondent,"seeking to join Michael Edmonson ("Edmonson"), Superintendent of the Louisiana State Police,[52] and on March 17, 2014, Petitioner filed a "Motion to Joinder Party," seeking to join Tony Mancuso ("Mancuso"), Sheriff of Calcasieu Parish.[53] Petitioner contends Edmonson will have custody over him due to the Louisiana Sex Offender Registration Law because Edmonson "has authority over all sex offender registration Statewide."[54] He also contends that Mancuso has custody over him through the Louisiana Sex Offender Registration Law.[55]

---

[49] *See* Rec. Doc. 32.

[50] Rec. Doc. 33.

[51] Rec. Doc. 34.

[52] Rec. Doc. 37.

[53] Rec. Doc. 39.

[54] Rec. Doc. 37 at 1.

[55] Rec. Doc. 39 at 1.

## II. Objections

### A. Petitioner's Objections

Petitioner objects to the Magistrate Judge's finding that his first two claims are procedurally barred.[56] He contends that state procedural rules are inadequate if they are not "firmly established and regularly followed" or if they are "novel and unforeseeable."[57] He argues that a habeas petitioner can establish cause for a procedural default if his claim is "so novel that its legal basis is not reasonably available to counsel."[58] He argues that this case is novel because "there is no clearly established federal case law which imposes a standard to follow when the state misquotes evidence in their possession to ensure a favorable determination of probable cause, created a document years after fact [sic] to confuse the courts about the false probable cause statements then falsified the date of the document, through the testimony of a state actor presented the false statements to ensure prejudice."[59] He contends that the State "entered the evidence at the close of their case to avoid a traditional *Brady v. Maryland* claim" and "hid the whole issue behind a state procedural rule that was misapplied to avoid review and evade compliance with due process, confrontation and disclosure standards guaranteed by the federal constitution and its amendments."[60] He argues that "state actors, both police and prosecutors, took active steps to ensure that these two claims were not raised during the trial or on appeal."[61] He asserts that the failure to preserve the issue for appeal can

---

[56] Rec. Doc. 34 at 2.

[57] *Id*. at 3 (citing *Brownstein v. Horn*, 404 F.3d 700, 707 (3rd Cir. 2005); *Ford v. Georgia*, 498 U.S. 411, 424 (1991)).

[58] *Id*. at 3–4 (citing *Murray v. Carrier*, 477 U.S. 478, 489–90 (1986); *Reed v. Ross*, 468 U.S. 1, 16 (1984)).

[59] *Id*. at 4.

[60] *Id*.

[61] *Id*. at 5.

be attributed to the prosecution because "Petitioner had no knowledge that the testimony [of Detective Horne] was false at the time it was offered."[62]

Petitioner argues that his claim of ineffective assistance of trial counsel constitutes cause to overcome the procedural default.[63] He contends that his trial counsel's ineffectiveness accounts "for the failure of any indication of these claims to appear in the trial record for the appellate counsel to discover and brief."[64] He argues it was "plain error not to consider these two barred claims when determining the ineffective assistance claims or to fail to examine all the evidence when determining prejudice."[65] He contends that the techniques used in the CAC interviews of the victims were controversial.[66] He argues that "every court, state and federal, that has reviewed this case has construed the pleadings to mean that the petitioner is merely trying to suppress the evidence obtained by the perjured warrant. The evidence was secondary and minor. It is the warrant itself, or more precisely the false statements, that the petitioner sought to suppress."[67] He contends that the "perjured warrant was cited as a factor both in the verdict and again during sentencing although any evidence obtained was minor."[68]

Petitioner objects to the Magistrate Judge's finding that he did not exhaust his claim that his counsel was ineffective for failing to advise him of his right to view the CAC interview tapes.[69] He

---

[62] *Id.* at 6.

[63] *Id.* at 7.

[64] *Id.*

[65] *Id.* at 9.

[66] *Id.* at 13–16.

[67] *Id.* at 16–17.

[68] *Id.* at 17.

[69] *Id.* at 18.

contends the claim "was exhausted factually and the Court has a duty under Fed. R. Civ. Pro. 8(e) to construe the pleadings to do justice."[70] Petitioner cites his post-conviction relief brief, stating that he asked counsel if it was legal to show the CAC interview tapes at trial before the defense viewed them.[71] He contends that counsel's failure to view the tapes resulted in prejudice because counsel was unable to question Detective Horne regarding the false statements in the search warrant.[72] He argues that "the Sixth Amendment forbids counsel to ignore any false testimony to be presented without confrontation when counsel is alerted to the fact that impeachment material exists."[73]

Petitioner objects to the Magistrate Judge's finding that he did not exhaust his claim that counsel's failure to review Owens's statements resulted in counsel being ill-prepared to impeach Detective Horne.[74] He contends this claim was exhausted.[75] Further, he argues that Detective Horne's testimony regarding the statements was inaccurate.[76] He argues that Owens admitted touching one of the victims.[77]

Petitioner argues that the Magistrate Judge "only addressed two sub-claims of Petitioner's third claim: failure to [sic] motion to suppress and failure to investigate or subpoena witnesses," but he contends there were "factual and legal grounds for additional sub-claims that were fully

---

[70] *Id.*

[71] *Id.* at 18–19.

[72] *Id.*

[73] *Id.*

[74] *Id.* at 20.

[75] *Id.*

[76] *Id.*

[77] *Id.*

exhausted in state court" that the Magistrate Judge failed to address.[78]

Petitioner argues that the Magistrate Judge's analysis of the motion to suppress claim was "an unreasonable determination of facts."[79] He contends the Magistrate Judge failed to consider: (1) "the subjective component of probable cause;" (2) that this sub-claim constitutes cause to overcome a state procedural bar; (3) "although any evidence seized was minor and would still be admissible if the motion to suppress been denied [sic], prejudice still ensued because the motion would have exposed the false statements which themselves caused prejudice."[80]

Petitioner objects to the Magistrate Judge's findings regarding counsel's failure to investigate or subpoena Owens.[81] He contends that his counsel also failed to investigate the CAC interview tapes and care center transcripts.[82] He argues that he "should not be held accountable for failing to spell out every syllable of his claim."[83] He also asserts that the Magistrate Judge's analysis of the impeachment value of Owens's statement was misleading because Owens was infatuated with preteen girls and Owens indicated that Petitioner was infatuated with another girl, who was not a victim in this case.[84] He argues that his counsel could have impeached Detective Horne if he was more familiar with Owens's statements.[85] He argues that trial counsel had a duty to subpoena Owens

---

[78] *Id.* at 21.

[79] *Id.*

[80] *Id.* at 21–22.

[81] *Id.* at 22.

[82] *Id.*

[83] *Id.*

[84] *Id.* at 23.

[85] *Id.*

or conduct an independent investigation to determine not to subpoena Owens.[86]

### B. State's Response

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving notice of the filing posted on September 13, 2013.

## III. Standard of Review

### A. Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[87] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to." A District Court's review is limited to plain error of parts of the report which are not properly objected to.[88]

### B. Standard of Review Under the AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power of federal courts to grant Writs of *Habeas Corpus* in cases where a state court has adjudicated the petitioner's claim on the merits.[89]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an

---

[86] *Id.* at 24.

[87] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[88] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[89] *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

unreasonable application of clearly established federal law, as determined by the Supreme Court."[90] The Supreme Court has made a distinction between the application of the "contrary to" and "unreasonable application" clauses.[91] A federal *habeas* court may issue the writ under the "contrary to" clause if the state court applies a rule in a way that is inconsistent with governing law and Supreme Court precedent on identical facts; a federal *habeas* court may issue the writ under the "unreasonable application" clause if the state court unreasonably applies the governing law to the facts of the case.[92]

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[93]

### IV. Law and Analysis

#### A. Claims One and Two are Procedurally Barred

Petitioner objects to the Magistrate Judge's finding that he was procedurally barred from asserting that the State withheld a Child Advocacy Center interview tape of the victims in violation of *Brady v. Maryland* and that the prosecution knowingly presented false testimony at trial. The Fifth Circuit Court of Appeals has held that a *habeas corpus* claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's

---

[90] 28 U.S.C. §2254(d)(1).

[91] *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-404, (2000)).

[92] *Id.*

[93] 28 U.S.C. §2254(d)(2); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

decision."[94] Where a state court rejects a petitioner's claim based on an independent and adequate state procedural rule, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[95] "To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him."[96] A showing of ineffective assistance of counsel may be one such external factor.[97]

In this case, the state court found that Petitioner's first two claims were procedurally barred under Louisiana Code of Criminal Procedure Article 930.4 because the claims could have been, but were not, raised on appeal.[98] Louisiana Code of Criminal Procedure Article 930.4 is well established as an independent and adequate state court ground sufficient to procedurally bar claims from *habeas corpus* review.[99] Accordingly, Petitioner's claims are only appropriate for federal *habeas corpus* review if he demonstrates cause and prejudice or show that, absent federal review, there will be a fundamental miscarriage of justice.

First, Petitioner argues that the State's actions constitute cause to overcome a procedural default. "A habeas petitioner can establish cause for a procedural default if his claim is so novel that

---

[94] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).

[95] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

[96] *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).

[97] *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992).

[98] State Rec., Vol. IV of V, Order dated Nov. 30, 2010.

[99] *See Brown v. Cain*, Civ. Action No. 11-2267, 2011 WL 7042222, at *8 (E.D. La. Dec. 20, 2011), *adopted* 2012 WL 123288 (E.D. La. Jan. 17, 2012); *Thomas v. Cain*, Civ. Action No. 11-2408, 2011 WL 6046536, at *5 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6028779 (E.D. La. Dec. 5, 2011); *Young v. Travis*, Civ. Action No. 07-3542, 2011 WL 494811, at *8 (E.D. La. Jan. 13, 2011), *adopted*, 2011 WL 494802 (E.D. La. Feb. 4, 2011).

its legal basis is not reasonably available to counsel."[100] He argues that his claim is novel because state actors took active steps to ensure that these two claims were not raised during the trial or on appeal. He asserts that the failure to preserve the issue for appeal can be attributed to the prosecution because he did not know the testimony of Detective Horne was false at the time it was offered. The Court finds Petitioner's arguments unpersuasive. Petitioner attempts to attribute the failure to preserve the issue for appeal to the prosecution, but these were appealable issues that Petitioner could have raised on direct appeal. At the time of his direct appeal, Petitioner was aware of the alleged inconsistencies between Detective Horne's testimony, the statements made in the CAC interview tape and the statements made in the search warrant affidavit, as all of this evidence was introduced at trial. Accordingly, he has not shown that any action by the State caused his procedural default.

Second, Petitioner argues that his claim of ineffective assistance of trial counsel constitutes cause to overcome the procedural default. He contends that his appellate counsel did not discover and brief these issues because they did not appear in the trial record due to his trial counsel's ineffectiveness. However, these alleged inconsistencies are found in the record. Accordingly, Petitioner has not shown that trial counsel's alleged ineffectiveness caused his procedural default. Because cause has not been established, "it is not necessary for the court to consider whether there is actual prejudice."[101]

Considering Petitioner has not met the "cause and prejudice" test, this Court will address whether the application of a procedural bar would result in a "fundamental miscarriage of justice."

---

[100] *Murray v. Carrier*, 477 U.S. 478, 489–90 (1986); *Reed v. Ross*, 468 U.S. 1, 16 (1984).

[101] *Martin v. Maxey*, 98 F3d. 844, 849 (5th Cir. 1996).

To establish that there would be a fundamental miscarriage of justice, a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted."[102] The evidence against Petitioner was substantial. Therefore, he has not established that any miscarriage of justice will result from the application of the procedural bar. Accordingly, on *de novo* review the Court finds that Petitioner's first two claims are procedurally barred.

## B. Ineffective Assistance of Counsel

Petitioner objects to the Magistrate Judge's finding that his defense counsel did not deprive him of his Sixth Amendment right to a fair trial. To succeed on such a claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[103] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[104]

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[105] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[106] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[107]

---

[102] *Finley*, 243 F.3d at 220.

[103] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[104] *Id.* at 697.

[105] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Matheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[106] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[107] *See Strickland*, 466 U.S. at 689.

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[108] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[109] As courts determine whether this prong is satisfied, they must consider "the relative role that the alleged trial errors played in the total context of [the] trial."[110]

In the instant case, the state court identified the governing legal standard found in *Strickland* and applied it to Petitioner's ineffective assistance of counsel claims.[111] Because Petitioner repeats the same ineffective-assistance claims on federal *habeas* corpus review, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[112] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[113] Thus, this standard is considered "doubly deferential" on *habeas corpus* review.[114] For the reasons discussed below, Petitioner has not shown that the state court's decision was unreasonable under this doubly deferential standard.

### i. Failure to View CAC Interview Tapes or to File a Motion to Suppress

Petitioner objects to the Magistrate Judge's finding that he did not exhaust his claim that his

---

[108] *Id*. at 694.

[109] *Id*.

[110] *Crockett*, 796 F.2d at 793.

[111] State Rec., Vol IV of V, Order dated Nov. 30, 2010.

[112] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)) (quotation marks omitted).

[113] *Id*.

[114] *Id*.

counsel was ineffective for failing to advise him of his right to view the CAC interview tapes. This claim was not raised before the state court in the post-conviction relief proceedings. Accordingly, the Court finds that Petitioner did not exhaust this claim. However, review of Petitioner's objections indicate that his objection relates to the failure of his counsel to view the CAC interview tapes, not the failure to advise Petitioner of his right to view the CAC interview tapes. Petitioner contends that counsel's failure to view the tapes resulted in prejudice because counsel was unable to question Detective Horne regarding the false statements in the search warrant.

At trial, Detective Horne testified that she made the following statement in support of an application for a search warrant on July 20, 2005:

> During a CAC interview, the seven-year-old sister [R.S.] disclosed that Mr. Sam has touched her breasts and rubbed her bare vagina with his bare hands, while located in the living room inside apartment 2, 4020 Rye Street. The seven-year-old described photographs of naked women alongside of a wooden closet and on the covers of the DVDs on a long shelf along the wall in "Mr. Hank's" room. The seven-year-old advised that on one of the DVD covers she observed a naked woman with brown curly hair. The victim also described a photograph with fat, naked women eating donuts. The three sisters described Mr. Sam's vehicle to be a small black SUV; Detective Horne observed a vehicle parked at the location fitting the description. An NCIC checked revealed it to be registered to a Samuel Ross. . .[115]

Petitioner alleges that Detective Horne misrepresented the content of the CAC interviews. He contends that defense counsel should have discovered those misrepresentations by reviewing the CAC interview tapes prior to trial.

The fact that a search warrant affidavit contains inaccurate information does not render the warrant invalid or require the suppression of the evidence obtained in the search. As the United States Fifth Circuit Court of Appeals has explained:

---

[115] State Rec., Vol. I of V, Trial Transcript at 52.

Ordinarily, evidence obtained from a search is admissible where probable cause for a search warrant is founded on inaccurate information, so long as the officer's reliance on the warrant is objectively reasonable. One exception to this rule is where the affidavit that supports the warrant contains material false statements or omissions. A misstatement can vitiate an affidavit only where the misrepresentations are the product of deliberate falsehood or of reckless disregard for the truth. The court must then consider whether the remaining portion of the affidavit is sufficient to support a finding of probable cause. After omitting all intentional or reckless falsehoods, the issue is whether the affidavit contains facts from which the magistrate could make an informed and independent judgment as to whether probable cause existed and whether there was a substantial basis for his determination that probable cause did exist.[116]

As the Magistrate Judge noted, the only arguably noteworthy error in the affidavit was that R.S. stated that Petitioner touched her "bare vagina" with his hand. That statement was not included within the videotape portion of the CAC interviews. The transcript of the CAC interview indicates that R.S. stated that Petitioner touched her vagina "on the top of her clothes."[117] However, there is no evidence that the error was a deliberate falsehood or was made in reckless disregard for the truth. Further, the affidavit contained an accurate statement from the nine year old victim that "Mr. Sam began tickling her and then touched her vagina with his hand over her panties."[118] This statement was sufficient for the judicial officer to make an informed and independent judgment as to whether probable cause existed. Accordingly, there is no reasonable probability that the evidence would have been suppressed and a different verdict would have resulted even if counsel had challenged the search warrant. Therefore, no prejudice resulted from defense counsel's failure to move to suppress the evidence.

Petitioner admits that any evidence seized as a result of the search warrant was minor.

---

[116] *Moreno v. Dretke*, 450 F.3d 158, 169 (5th Cir. 2006) (citations omitted).

[117] Rec. Doc. 1-3 at 23.

[118] *Id*. at 7, 47–48.

However, he argues that defense counsel's failure to file a motion to suppress resulted in prejudice because the motion would have exposed the false statements made in the affidavit, which he contends were prejudicial. Considering the weight of the evidence against him, Petitioner has not shown that the result of the trial would have been different if counsel had asserted an objection to the allegedly false statements. Petitioner has not demonstrated that the state court's decision denying his claim was contrary to, or involved an unreasonable application of clearly established federal law, as required by the Supreme Court. Accordingly, upon *de novo* review and under the deferential standards of review mandated by the AEDPA, the Court finds Petitioner's claim without merit.

### ii. Failure to Investigate or Subpoena Owens

Petitioner objects to the Magistrate Judge's findings regarding counsel's failure to investigate or subpoena Owens. He also asserts that the Magistrate Judge's analysis of the impeachment value of Owens's statement was misleading because Owens was infatuated with preteen girls and Owens indicated that Petitioner was infatuated with another girl, who was not a victim in this case. He argues that trial counsel had a duty to subpoena Owens or conduct an independent investigation to determine not to subpoena Owens.

Petitioner has presented no evidence showing that defense counsel failed to review Owens's statements. Further, even if defense counsel did not review the statements, Petitioner has not shown that he was prejudiced by his defense counsel's performance. The Fifth Circuit "has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative."[119] The Fifth Circuit has found that where the only

---

[119] *Coleman v. Thaler*, 716 F.3d 895, 906 (5th Cir. 2013).

evidence of a missing witness's testimony is from the defendant and no affidavit or other evidence as to the testimony the witness would have offered is provided, claims of ineffective counsel fail for lack of prejudice.[120] Petitioner has presented no evidence, absent his own conclusory statements, showing that Owens would have testified in a manner beneficial to his defense. Petitioner has not demonstrated that the state court's decision denying his claim was contrary to, or involved an unreasonable application of clearly established federal law, as required by the Supreme Court. Accordingly, upon *de novo* review and under the deferential standards of review mandated by the AEDPA, the Court finds Petitioner's claim without merit.

### iii. Failure to Impeach Detective Horne's Testimony Regarding Owens's Statements

Petitioner objects to the Magistrate Judge's finding that he did not exhaust his claim that counsel's failure to review Owens's statements resulted in counsel being ill-prepared to impeach Detective Horne. This claim was not raised before the state court in the post-conviction relief proceedings. Accordingly, the Court finds that Petitioner did not exhaust this claim. Even if this claim were exhausted, it is without merit.

Petitioner argues that Owens admitted touching one of the victims. However, Owens denied such allegations.[121] Owens admitted to touching another child in an inappropriate way,[122] and Detective Horne testified that Owens admitted wrongdoing in his statement.[123] The Fifth Circuit Court of Appeals has denied an ineffective assistance claim based on the failure to impeach because "the impeachment evidence would not have undermined the government's case sufficiently to affect

---

[120] *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001).

[121] Rec. Doc. 1-4 at 29–30, 34–35, 37–40, 46, 48 and 51.

[122] *Id*. at 32–34.

[123] State Rec., Vol I of V, Trial Transcript at 81.

the outcome of the trial."[124] In the instant case, Petitioner has not shown how his defense counsel could have impeached Detective Horne's testimony or that any impeachment evidence would have undermined the government's case sufficiently to affect the outcome of the trial. Accordingly, the Court finds Petitioner's claim without merit.

### iv. The Report and Recommendation Addressed All of Petitioner's Claims

Petitioner argues that the Magistrate Judge "only addressed two sub-claims of Petitioner's [ineffective assistance of counsel claim]: failure to [sic] motion to suppress and failure to investigate or subpoena witnesses," but he contends there were "factual and legal grounds for additional sub-claims that were fully exhausted in state court" that the Magistrate Judge failed to address. However, Petitioner does not state any additional claims upon which relief could be granted. Accordingly, the Court finds that the Magistrate Judge's Report and Recommendation thoroughly addressed all of Petitioner's exhausted claims.

### C. Joinder of Edmonson and Mancuso

On February 7, 2014, Petitioner filed a motion to join Edmonson,[125] and on March 17, 2014, Petitioner filed a motion to join Mancuso.[126] Petitioner contends Edmonson will have custody over him due to the Louisiana Sex Offender Registration Law because Edmonson "has authority over all sex offender registration Statewide."[127] He also contends that Mancuso has custody over him through the Louisiana Sex Offender Registration Law.[128] Petitioner cites Federal Rule of Civil Procedure

---

[124] *United States v. Cruz*, 59 F.3d 1241, 1995 WL 413055, at *1 (5th Cir.1995)

[125] Rec. Doc. 37.

[126] Rec. Doc. 39.

[127] Rec. Doc. 37 at 1.

[128] Rec. Doc. 39 at 1.

19(a)(1)(A), which provides that a person must be joined if "in that person's absence, the court cannot accord complete relief among the existing parties." Petitioner has not established entitlement to any form of relief. Further, he has not raised any additional claims against Edmonson or Mancuso. Accordingly, the Court can accord complete relief among the existing parties, and will deny Petitioner's motions to join additional parties.

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Joinder Additional Respondent" (Rec. Doc. 37) and "Motion to Joinder Party" (Rec. Doc. 39) are **DENIED.**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation, and Petitioner Samuel Ross's petition for issuance of a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this <u>3rd</u> day of September, 2014.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**